## D. W. PHILLIPS *v.* W. O. ROBARDS, ET AL.

**Bond for a Deed.**

When the holder of a bond for a deed pays the contract price he is entitled to a good and sufficient deed, and if at that time the person executing such bond is not the owner of the legal title the holder of such bond has a perfect cause of action for the breach of the covenant to convey.

**Right of Purchaser of Real Estate.**

A purchaser of real estate receiving a bond for a deed, upon paying for the land, is not bound to accept a deed from his vendor unless the vendor's wife relinquishes her potential right to dower.

APPEAL FROM MARION CIRCUIT COURT.

October 24, 1877.

OPINION BY JUDGE LINDSAY:

Upon the payment in full by Robards of the contract price for the lands and house mentioned in the bond dated November 29, 1875, he had the right to demand from Phillips "a good and sufficient deed." It is admitted Phillips did not convey, and that he was not at that time the holder and owner of the legal title to such lands and house. Therefore he was unable to comply with his contract, and Robards had then a perfect cause of action against him for the breach of the covenant to convey.

The court below, in the exercise of equitable power, enjoined Robards from proceeding with his action at law, to afford Phillips a reasonable opportunity to perfect his title and place himself in a condition to comply with the stipulations of his bond. The pleadings and exhibits of Phillips show that he is not now able to convey. He has procured all the title of his vendor, Young. But Young has a living wife, who has or may have the right, in case she survives her husband, to be endowed out of the real estate.

A purchaser is not bound to accept a deed from his vendor in ful-

filment of a contract to convey a good title, unless the vendor's wife relinquishes her potential right to dower. *Andrews v. Word,* 17 B. Mon. 518. Upon the same principle he can not be compelled to accept a conveyance when the wife of a remote vendor has failed to make such relinquishment. In all such cases "it is a settled principle of the law of vendor and purchaser, that as a general rule the right of the latter to a perfect title, clear of all claims whatsoever, future and present, fixed or contingent, is one of which he can not be deprived but by his own acts." *Andrews v. Word,* ib.

Robards has done nothing to deprive himself of this almost universal right. The fact that he knew how Phillips derived title, or was aware of the source from which he was seeking to obtain title, does not prejudice his rights to demand "a good and sufficient deed." He contracted for a deed of that character, and he has the right to have his contract carried out.

It is not material in this case that Robards did not reply to the original and amended cross-petition of Phillips. Those pleadings, as we have already seen, disclosed all the facts of the transaction, and showed that Phillips had no right to demand specific execution, and therefore no right to enjoin Robards from proceeding with his action to recover damages for the breach of the contract to convey.

Judgment *affirmed.*

*Russell & Arritt, for appellant.    Belden & Shuck, for appellees.*